IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
GUY G. GEBHARDT, Acting      )
United States Trustee,       )
                             )
     Appellant,              )
                             )
v.                           )     CASE NO. CV413-125
                             )
KENNETH R. HARDIGAN,         )
                             )
     Appellee.               )
_____)
                             )
SUNTRUST BANK,               )
                             )
     Appellant,              )
                             )
v.                           )     CASE NO. CV413-130
                             )
KENNETH R. HARDIGAN,         )
                             )
     Appellee.               )
_____)
```

O R D E R

Before the Court are Appellant Guy G. Gebhardt's Motion for Leave to Appeal (CV413-125, Doc. 6) and Appellant Suntrust Bank's Motion for Leave to Appeal (CV413-130, Doc. 2). Following the Court's determination that the Bankruptcy Judge's March 29, 2012 consolidated order (CV413-125, Doc. 1, Attach. 1; CV413-130, Doc. 2 at 5-43) (the "Consolidated Order") is an interlocutory order, these motions are **GRANTED**. Appellants have also filed

Joint Motions to Consolidate this action. (CV413-125, Doc. 14; CV413-130, Doc. 8). Appellee has filed responses in opposition to the requested consolidation. (CV413-125, Doc. 16; CV413-130, Doc. 12.) After careful consideration, Appellants' Motions to Consolidate are **GRANTED**. In light of this consolidation, Appellee's Motion to Dismiss Gephardt's appeal as untimely (CV413-125, Doc. 9) is **DENIED**. The above-styled actions are hereby **CONSOLIDATED** for purposes of the Court's appellate review of the Consolidated Order. Finally, Appellant Suntrust Bank has filed a Motion to Supplement Record On Appeal (CV413-130, Doc. 11), to which Appellee is opposed. Upon due consideration of the Motion and Response, the Motion is **GRANTED**.

I. MOTIONS TO APPEAL

The Court has appellate jurisdiction over both final and interlocutory orders of a Bankruptcy Judge. See 28 U.S.C. §§ 158(a)(1), 158(a)(3). However, interlocutory appeals may only be made with leave of the Court. 28 U.S.C. § 158(a)(3). In general, for an order to be final, it must end the litigation on the merits. Jove Eng'g v. Comm'r., 92 F.3d 1539, 1547 (11th Cir. 1996). In the bankruptcy context, however, an order is final if it "completely resolves all of the issues pertaining to a discrete claim, including issues as to the proper relief."

In re Atlas, 210 F.3d 1305, 1308 (11th Cir. 2000). Because the Consolidated Order denied Appellants' Motions to Dismiss for Abuse under 11 U.S.C. § 707(b) as well as their Motions to Convert the case to a Chapter 11 proceeding under 11 U.S.C. § 706(b), the Court must determine whether these decisions are interlocutory or final.

Whether an order is final or interlocutory is not always easy to determine, especially in the bankruptcy context. Other circuits have found that a denial of a motion to dismiss a Chapter 7 case is generally interlocutory because the resultant effect is that the case merely proceeds in the bankruptcy court. See, e.g., In re Jartran, Inc., 886 F.2d 859 (7th Cir. 1989); In re Phillips, 844 F.2d 230 (5th Cir. 1988); In re 405 N. Bedford Drive Corp., 778 F.2d 1374, 1379 (9th Cir. 1985). More importantly, the Eleventh Circuit found in In re Donovan that it did not have appellate jurisdiction because a bankruptcy court's denial of a creditor's motion to dismiss for abuse under 11 U.S.C. § 707(b)(3) was not a final order.[1]  532 F.3d 1134 (11th Cir. 2008).

Here, Appellants have both filed Motions for Leave to Appeal because of the Eleventh Circuit's holding in Donovan. Admittedly, the Eleventh Circuit stated in Donovan that "the finality requirement is met where

---

[1] Appellate courts have jurisdiction to hear only appeals on final orders, whereas district courts may also hear interlocutory appeals. In re Walker, 515 F.3d 1204, 1210 (11th Cir. 2008).

3

practical considerations require it." 532 F.3d at 1137 n.1. However, while the creditor in Donovan felt that the denial of her motion to dismiss would effectively eliminate any chance to recover, the Eleventh Circuit found no reason she could not have obtained meaningful appellate review after the case was dismissed. Id. The Eleventh Circuit reasoned that the creditor's unlikelihood of recovery was the result of the facts of the case and not bankruptcy procedure. Id. at 1137 n.2. In short, the Eleventh Circuit found that the denial of the motion "did not conclusively resolve the bankruptcy case as a whole, nor did [it] resolve any adversary proceeding or claim." Id. at 1137. Accordingly, the denial of the Appellants' Motions to Dismiss should likewise be treated as interlocutory because it does not eliminate either of Appellants' claims.

The determination of whether a denial of a motion to convert a case to Chapter 11 pursuant to 11 U.S.C. § 706(b) is interlocutory or final is a matter of first impression in this circuit. At least one other circuit has concluded that, given the difficulty in appealing a decision after a debtor's assets have been liquidated, a denial of a motion to convert is a final, appealable decision. See In re Copper, 426 F.3d 810 (6th Cir. 2005). But see In re Salem, 465 F.3d 767, 774 (7th Cir. 2006) (order denying conversion found to be interlocutory in light of a venue issue).

However, the Eleventh Circuit found this same line of reasoning unpersuasive in Donovan. In finding the denial of a motion to dismiss interlocutory, the Eleventh Circuit reasoned that "[b]y denying her motion to dismiss, the bankruptcy court permitted the Chapter 7 case to continue." Id. at 1137. Here, the effect of the Bankruptcy Judge's denial of Appellants' Motions to Convert is the same: the case will continue to proceed under Chapter 7. See also In re Kutner, 656 F.2d 1107, 1110-11 (5th Cir. 1981)[2] (denial of a motion to convert from chapter 11 to 13 was procedural and thus considered interlocutory). Consequently, the Court finds it appropriate to treat the denial of Appellants' Motions to Convert as interlocutory as well.

Because the Court finds both decisions contained in the Consolidated Order to be interlocutory, the Court turns to whether leave to appeal is merited in this case. The standards for whether a district court should grant an interlocutory appeal from a bankruptcy court pursuant to 28 U.S.C. § 158(a)(3) are the same as those applicable to interlocutory appeals made from the district courts to the courts of appeal under 28 U.S.C. § 1292(b). In re Charter Co., 778 F.2d 617, 620 n.5 (11th Cir. 1985); 28 U.S.C. § 1292(b). Under 28 U.S.C. § 1292(b), leave to appeal an interlocutory order should be granted if the order involves

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

5

a controlling question of law, there is a substantial ground for difference of opinion, or an immediate appeal would materially advance the ultimate termination of the litigation. OFS Fitel, LLC v. Epstein, Becker and Green, P.C., 549 F.3d 1344, 1359 (11th Cir. 2008). Here, all parties appear to agree that a discharge of the debtor and liquidation of the assets is the next logical step in this Chapter 7 proceeding. Thus, an immediate appellate review of the Bankruptcy Judge's denial of both Appellants' Motions to Dismiss and Motions to Convert is appropriate. Accordingly, because the Court also finds the Appellants appeals to be timely filed,[3] Appellants' Motions for Leave to Appeal should be granted.

II. MOTIONS TO CONSOLIDATE AND MOTION TO DISMISS

Appellants have also filed Joint Motions to Consolidate this action, arguing that it contains common questions of law and fact. (CV413-125, Doc. 14; CV413-130, Doc. 8.) Appellee has filed responses in objection to the requested consolidation, arguing that the two appeals involve separate issues. (CV413-125, Doc. 16; CV413-130, Doc. 12.) However, the Court finds that the two appeals, which come from the same order and after a combined evidentiary hearing, are similar enough for consolidation.

---

[3] See infra Section II.

Pursuant to Federal Rule of Civil Procedure 42, the Court may consolidate multiple actions if they involve common questions of law or fact. Fed. R. Civ. Pro. 42(a)(2). The Court notes at the outset that consolidation at this point comes too late to save any effort on behalf of the parties, as all the appellate briefs have been filed in both cases. Nevertheless, given that the Bankruptcy Judge consolidated the parties' motions for both its evidentiary hearing and the Consolidated Order, the Court sees no reason to treat them separately at this point. Both parties appeal from the same order and seek the same outcome. Accordingly, the Court will review all the parties' appellate documents before rendering its decision.

In addition, Appellee has filed a Motion to Dismiss Gebhardt's appeal as untimely. (CV413-125, Doc. 9.) In this motion, Gephardt argues that Federal Rule of Bankruptcy Procedure 8002(a) requires that a party file an appeal within fourteen days of the date of entry of a judgment, order or decree. (CV413-125, Doc. 9 at 2.) Gephardt responds that Bankruptcy Rule 8002(a) also allows a party an extra fourteen days after another party to the same order has filed an appeal. (CV413-125, Doc. 10 at 3.) Here, because the Court has determined the actions should be consolidated, and because both appeals come from the same order, it follows that Gephardt and Suntrust are both parties to the Consolidated Order. While not binding on

7

the Court, the principles outlined in E.E.O.C. v. W. La. Health Servs., Inc., 959 F.2d 1277, 1281 (5th Cir. 1992)[4] are helpful here. After consolidation was granted in W. La. Health, the court found that the appellant's otherwise untimely appeal was saved because it was within fourteen days of another appellant's appeal.[5] Id. at 1280. The Court can discern no reason why the same principles should not apply here. Accordingly, Appellee's Motion to Dismiss should be denied.

## CONCLUSION

Because the Court finds the Bankruptcy Judge's decisions in his Consolidated Order (CV413-125, Doc. 1, Attach. 1; CV413-130, Doc. 2 at 5-43) to be interlocutory, Appellant's Motions for Leave to Appeal (CV413-125, Doc. 6; CV413-130, Doc. 2) are **GRANTED**. After careful consideration, Appellant's Joint Motions to Consolidate (CV413-125, Doc. 14; CV413-130, Doc. 8) are **GRANTED**. In light of this consolidation, Appellee's Motion to Dismiss Gephardt's appeal as untimely (CV413-125, Doc. 9) is **DENIED**. The above-styled actions are hereby **CONSOLIDATED** for purposes of the Court's appellate review of the Consolidated Order. Finally, Appellant Suntrust Bank's

---

[4] The Court cannot find, and Appellee does not provide, any Eleventh Circuit case addressing the same issue.
[5] This decision is an application of the Federal Rules of Civil Procedure's parallel rules to Bankruptcy Rule 8002(a), Fed. R. Civ. P. 4(a)(3).

Motion to Supplement Record On Appeal (CV413-130, Doc. 11) is **GRANTED**.

SO ORDERED this 31st day of March 2014.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA